## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## Tampa Division

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

VACATION PROPERTY SERVICES, INC.;
VACATION PROPERTY SELLERS, INC. d/b/a
Timeshare Experts; HIGHER LEVEL
MARKETING, INC. d/b/a Vacation Property
Services; ALBERT M. WILSON; DAVID S.
TAYLOR and FRANK M. PERRY, JR.,

    Defendants.

**Case No. 8:11-cv-00595-JDW-MAP**

**STIPULATED PRELIMINARY
INJUNCTION**

This matter comes before the Court upon the stipulated motion of Plaintiff, the

Federal Trade Commission ("FTC"), and Defendants Vacation Property Sellers, Inc. d/b/a

Timeshare Experts, Higher Level Marketing, Inc. d/b/a Vacation Property Services, and

Frank M. Perry, Jr. (the "Stipulating Defendants") for the entry of a Preliminary Injunction

against the Stipulating Defendants.

On March 22, 2011, the FTC filed its Complaint for Permanent Injunction and Other

Equitable Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and

Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108 [Dkt. 1], and applied

for a temporary restraining order with asset freeze and for an order to show cause why a

preliminary injunction should not issue pursuant to Rule 65(b) of the Federal Rules of Civil

Procedure, Fed. R. Civ. P. 65(b) [Dkt. 3].  This Court, having considered the Complaint,

declarations, exhibits, and memoranda, entered a Temporary Restraining Order against the

Defendants, including an asset freeze and appointment of a receiver [Dkt. 8] (the "TRO") on

March 23, 2011.

## I. FINDINGS OF FACT

This Court has made the following findings of fact:

1.      The Court has jurisdiction over the subject matter of this case, and there is

good cause to believe it will have jurisdiction of all parties hereto and that venue in this

district is proper.

2.      There is good cause to believe that Stipulating Defendants have engaged in

and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15

U.S.C. § 45(a) and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule"

("TSR"), 16 C.F.R. Part 310, and the FTC is therefore likely to prevail on the merits of this

action.  As demonstrated by the nineteen Consumer Declarations submitted in connection

with the motion for a temporary restraining order, as well as the additional documentation

filed with the FTC in support of its motion for a TRO, the FTC has established a likelihood

of success in showing that Stipulating Defendants have made unqualified, material

misleading representations to consumers.  Specifically, there is evidence that Stipulating

Defendants represented that: (1) Stipulating Defendants have a buyer for a consumer's

timeshare, (2) Stipulating Defendants will refund their fee to a consumer if the sale of the

consumer's timeshare does not take place, and (3) Stipulating Defendants will refund their

fee to a consumer if the consumer requests to rescind payment within seven days of the first

2

appearance of the consumer's advertisement on one of Stipulating Defendants' websites. The evidence indicates that the first representation is false or misleading because Stipulating Defendants never came forward with any buyers for the consumers' timeshares. (*E.g.*, Brimhall Decl. ¶¶ 7, 29; Rice Decl. ¶¶ 7, 25; Maddox Decl. ¶¶ 12, 34; Dreusicke Decl. ¶¶ 6-7, 19; Jeffrey Decl. ¶¶ 7, 16). There is evidence showing that the second representation was false or misleading because the consumers were not able to obtain a refund after the promised sale failed to occur. (*E.g.*, Rice Decl. ¶¶ 19-24). The evidence indicates that the third representation was false or misleading because Stipulating Defendants refused to provide consumers with the information necessary to submit a timely cancellation notice (*e.g.*, Schmidt Decl. ¶¶12-19), and failed or refused to send the terms of cancellation so they would be received by the consumer before the expiration of the seven day rescission period. (*E.g.*, Campbell Decl. ¶12). These representations were material because they involve a core characteristic of the timeshare sales service and were used to induce consumers to purchase Stipulating Defendants' services.

        3.      Based on the Consumer Declarations, as well as the additional documentation filed with the FTC in support of its motion for a TRO, the FTC has demonstrated a likelihood of success on the merits of its claims that Stipulating Defendants violated the TSR in four respects. First, there is evidence that Stipulating Defendants made false or misleading statements to induce persons to pay for services, in violation of 16 C.F.R. § 310.3(a)(4). (*E.g.*, Brimhall Decl. ¶¶ 7-12; Rice Decl. ¶¶ 7-12; Maddox Decl. ¶¶ 9-15; Dreusicke Decl. ¶¶ 6-11; Campbell Decl. ¶¶ 4-12). Second, there is evidence that Stipulating Defendants misrepresented material aspects of the nature or terms of their refund or cancellation policies,

in violation of 16 C.F .R. § 31 0.3(a)(2)(iv). (*E.g.*, Rice Decl. ¶¶ 9-20; Schmidt Decl. ¶¶ 9-19). Third, there is evidence that Stipulating Defendants engaged in initiating outbound telephone calls to numbers on the National Do Not Call Registry, in violation of 16 C.F.R. § 310.4(b)(1)(iii)(B). (*E.g.*, Skiba Decl. ¶¶ 4-5; Schmidt Decl. ¶¶ 5-6; Dreusicke Decl. ¶¶ 3-4; Jeffrey Decl. ¶¶ 5-6; Gardner Decl. ¶¶ 4-5). Fourth, there is evidence that Stipulating Defendants engaged in initiating outbound telephone calls to numbers within certain area codes without paying the required annual fee to access the numbers in that area code that appear on the National Do Not Call Registry, in violation of 16 C.F.R. § 310.8. (Vera TRO Decl. ¶¶ 28-42).

4.      There is good cause to believe that immediate and irreparable harm will result from Stipulating Defendants' ongoing violations of the FTC Act and the TSR unless Stipulating Defendants are restrained and enjoined by Order of this Court.

5.      Good cause also exists for: (a) the continued appointment of a Receiver over Corporate Defendants Vacation Property Sellers, Inc. d/b/a Timeshare Experts and Higher Level Marketing, Inc. d/b/a Vacation Property Services; (b) the freezing of Stipulating Defendants' Assets; and (c) the ancillary relief ordered below. The FTC has demonstrated a likelihood that Defendant Perry is individually liable and properly subject to an asset freeze. *See F. T. C. v. Gem Merchandising Corp.,* 87 F.3d 466, 470 (11th Cir. 1996). Specifically, there is evidence that Defendant Perry has the ability to control Corporate Defendants Vacation Property Sellers, Inc. d/b/a Timeshare Experts and Higher Level Marketing, Inc. d/b/a Vacation Property Services. Perry is identified as president of both Vacation Property Sellers, Inc. and Higher Level Marketing, Inc. (Vera Decl., Exs. 39, 40).

6.      After weighing the equities and considering the FTC's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and the appointment of a Receiver is in the public interest.

7.      The FTC is an independent agency of the United States of America and, therefore, no security is required for the issuance of a preliminary injunction.  Fed. R. Civ. P. 65(c).

8.      Nothing herein shall be deemed an admission of wrongdoing by the Stipulating Defendants, an admission of any allegation in the complaint in this action or a waiver of any defense or privilege.  WHEREAS, the FTC and Stipulating Defendants, all of whom are represented by counsel, have so stipulated, it is HEREBY ORDERED:

## II. DEFINITIONS

For the purpose of this Preliminary Injunction ("Order"), the following definitions shall apply:

1.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including but not limited to asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Stipulating Defendant, including, but not limited to, such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.     "**Assisting Others**" includes providing any of the following goods or services

to another entity: (1) performing customer service functions, including, but not limited to,

charging consumers for products or services, or receiving or responding to consumer

complaints; (2) formulating or providing, or arranging for the formulation or provision of,

any sales script or other marketing material; (3) providing names of, or assisting in the

generation of, potential customers; (4) performing or providing marketing or billing services

of any kind; (5) processing credit and debit card payments; or (6) acting as an officer or

director of a business, corporation or other entity.

3.     "**Corporate Defendants**" means Vacation Property Sellers, Inc. d/b/a

Timeshare Experts; Higher Level Marketing, Inc. d/b/a Vacation Property Services, and their

successors, assigns, affiliates or subsidiaries, as well as any fictitious business entities or

business names created or used by any of the entities included in this definition.

4.     "**Stipulating Defendants**" means Frank M. Perry, Jr. and the Corporate

Defendants, individually, collectively, or in any combination.

5.     "**Document**" is synonymous in meaning and equal in scope to the usage of

the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings,

graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence (including

email, instant messages, text messages and other correspondence transmitted on cell phones,

smart phones and other mobile devices), photographs, audio and video recordings, contracts,

accounting data, advertisements (including, but not limited to, advertisements placed on the

World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World

Wide Web pages, books, written or printed records, handwritten notes, telephone logs,

6

telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records and files, mobile electronic records and files, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6.      "**FTC Act**" means the Federal Trade Commission Act codified at 15 U.S.C. §§ 41-58.

7.      "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

8.      "**National Do Not Call Registry**" means the registry of telephone numbers maintained by the Commission, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services.

9.      "**Non-Stipulating Defendants**" means Albert M. Wilson, David S. Taylor and Vacation Property Services, Inc.

10.      "**Person**" shall be construed in its broadest sense and means both natural persons and artificial entities including, but not limited to, sole proprietorships, general partnerships, limited partnerships, joint ventures, limited liability partnerships, limited liability companies, corporations, sub-chapter S corporations, closely held corporations, professional corporations, business associations, business trusts, and all past and present officers, directors, agents, employees, parent companies, subsidiaries, predecessors,

successors, affiliates, assigns, divisions or other persons acting or purporting to act on such person's behalf.

11.     "**Plaintiff**" or "**Commission**" or "**FTC**" means the Federal Trade Commission.

12.     "**Receiver**" means the receiver appointed in Section XIV of this Order and any deputy receivers that shall be named by the receiver.

13.     "**Receivership Defendants**" means the Corporate Defendants.

14.     "**Representatives**" means Defendants' officers, agents, servants, employees, and attorneys, and any other person or entity in active concert or participation with them, who receives actual notice of this Order by personal service or otherwise.

15.     "Stipulating Defendants" means Vacation Property Sellers, Inc. d/b/a Timeshare Experts, Higher Level Marketing, Inc. d/b/a Vacation Property Services, and Frank M. Perry, Jr.

16.     "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

17.     "**Telemarketing Sales Rule**" or "**TSR**" means the Telemarketing Sales Rule set forth in 16 C.F.R. Part 310.

18.     "**Timeshare**" shall mean any right of ownership or occupancy in any leisure or vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds and cruise ships) that provides rights-holders with periodic usage and/or

8

occupancy rights.  The term shall also include "points-based" programs that provide similar ownership and/or occupancy benefits.

Each of the foregoing terms shall refer to either the singular or plural, as appropriate to the context in which they appear.

### III.  PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE FTC ACT

**IT IS THEREFORE ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the Telemarketing, advertising, marketing, promotion, offering for sale, or sale of any product or service, including, but not limited to, Timeshare resale or rental services, are hereby restrained and enjoined from misrepresenting, or Assisting Others in misrepresenting, directly or indirectly, expressly or by implication, any Material fact, including, but not limited to, that:

A.      Defendants have located a buyer or are likely to find a buyer for a consumer's Timeshare;

B.      Defendants will quickly sell a consumer's Timeshare;

C.      Defendants will refund their fee to a consumer if the sale of the consumer's Timeshare does not take place; and

D.      Defendants will refund their fee to a consumer if the consumer requests to rescind payment within seven days of the first appearance of the consumer's advertisement on one of Defendants' websites.

## IV.  PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE TSR

**IT IS FURTHER ORDERED** that Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, agent, independent contractor, accountant, financial advisor, or other device, in connection with the Telemarketing, advertising, marketing, promotion, offering for sale, or sale of any product or service, including, but not limited to, Timeshare resale or rental services, are hereby restrained and enjoined from violating, or Assisting Others in violating, any provision of the TSR, 16 C.F.R. Part 310, including, but not limited to:

A.      Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4), by making any false or misleading statement, directly or by implication, to induce any person to pay for goods or services, including, but not limited to, the misrepresentations that: (1) Defendants have located a buyer or are likely to locate a buyer for a consumer's Timeshare who has agreed to pay a specified price, (2) Defendants will quickly sell a consumer's Timeshare, (3) Defendants will refund their fee to a consumer if the sale of the consumer's Timeshare does not take place, and (4) Defendants will refund their fee to consumers if the consumer requests to rescind payment within seven days of the first appearance of the consumer's advertisement on one of Defendants' websites;

B.      Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.2(a)(2)(iv), by misrepresenting, directly or by implication, any Material aspect of the nature or terms of Defendants' refund, cancellation, exchange, or repurchase policies, including, but not limited to, the misrepresentations that: (1) Defendants will refund their fee to a consumer if the sale of the consumer's Timeshare does not take place; and (2) Defendants will refund their fee to

consumers if the consumer requests to rescind payment within seven days of the first

appearance of the consumer's advertisement on one of Defendants' websites;

    **C.**      Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), by

engaging in, or causing others to engage in, initiating an outbound telephone call to a

person's telephone number on the National Do Not Call Registry in connection with

Telemarketing; and

    **D.**      Section 310.8 of the TSR, 16 C.F.R. § 310.8, by initiating or causing others to

initiate, in connection with Telemarketing, an outbound telephone call to a telephone number

within a given area code when Defendants have not, either directly or through another

Person, paid the required annual fee for access to the telephone numbers within that area

code that are included in the National Do Not Call Registry.

## V. PROHIBITED BUSINESS ACTIVITIES – MISREPRESENTATIONS

    In connection with the sale or selling of any goods or services, Defendants and their

Representatives are hereby permanently restrained and enjoined from:

    1.     Misrepresenting, directly or by implication, orally or in writing, to any

potential purchaser of any goods or services, any material fact, including, but not limited to:

        a.     The total cost to purchase, receive, or use, and the quantity of, any

goods or services that are subject to the sales offer;

        b.     Any material restrictions, limitations, or conditions to purchase,

receive, or use the goods or services;

        c.     Any material aspect of the nature or terms of a refund, cancellation,

exchange, or repurchase policy for the goods or services; or

       d.     The income, profits, or sales volume likely to be achieved from the goods or services; and

      2.     Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by this Section.

## VI.  ASSET FREEZE

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from:

      **A.**     Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United States, that are:

         1.     owned, controlled or held, in whole or in part, by any Defendant;

         2.     held, in whole or in part, for the direct or indirect benefit of, any Defendant;

         3.     in the actual or constructive possession of any Defendant;

         4.     held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants;

         5.     owned or controlled by, or in the actual or constructive possession of,

or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any of the Defendants, or of which any Stipulating Defendant is an Officer, Director, Member, or Manager. This includes, but is not limited to, any Assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or at/with any broker-dealer, escrow agent, title company, insurance company, commodity trading company, precious metal dealer, payment processor, credit card processor, acquiring bank, merchant bank, independent sales organization, third party processor, payment gateway or other financial institution or depository of any kind; or

6.     held in any account for which any Defendant is, or was on the date that this Order was signed, an authorized signor.

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, either individually or jointly, or subject to access by any Defendant;

C.     Obtaining a personal or secured loan encumbering the Assets of any Stipulating Defendant, or subject to access by any Stipulating Defendant;

D.     Incurring liens or other encumbrances on real property, personal property, or other Assets in the name, individually or jointly, of any Stipulating Defendant or of any

corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant; or

     **E.**     Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Stipulating Defendant or of which any Stipulating Defendant is an Officer, Director, Member, or Manager.  This includes, but is not limited to, any corporate bank card or corporate credit card account for which any Stipulating Defendant is, or was on the date that this Order was signed, an authorized signor.

     **IT IS FURTHER ORDERED** that the Assets affected by this Section shall include Assets: (a) existing as of the date this Order was entered, or (b) acquired by any Stipulating Defendant following entry of this Order, if such Assets are derived from any activity that is the subject of, or is prohibited by, this Order.

     **IT IS FURTHER ORDERED** that this Asset Freeze shall not, absent further Court order, apply to the checking, merchant and credit card accounts solely in the name of Shear Joy Salon & Spa, Inc. governed by the order entitled:  Order Providing Limited Relief from the Temporary Restraining Order entered on April 11, 2011 [Dkt. 41].  As set forth in that order, Frank M. Perry, Jr. must continue to provide detailed accountings to counsel for plaintiff by 5:00 p.m. EDT every Tuesday setting forth the activity on the accounts of Shear Joy Salon & Spa, Inc., including statements concerning the need for all payments or debits.

     **IT IS FURTHER ORDERED** that Defendant Frank Perry expressly reserves the right to apply to the Court for an order modifying this preliminary injunction to permit him to

14

pay reasonable, necessary and ordinary living expenses and/or attorney's fees and costs from frozen assets.

## VII.  DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person served with a copy of this Order that (a) holds, controls, or maintains custody of any account or Asset of any Stipulating Defendant, (b) holds, controls, or maintains custody of any Asset associated with credits, debits or charges made on behalf of any Stipulating Defendant, including but not limited to, reserve funds held by payment processors, credit card processors, payment merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies or other entities, or (c) has held, controlled, or maintained custody of any such account or Asset at any time since the date of entry of this Order shall:

     **A.**     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Assets, as well as all Documents or other property related to such Assets, except by further order of this Court;

     **B.**     Deny any person, except the Receiver acting pursuant to Section XV of this Order, access to any safe deposit box, commercial mail box, or storage facility that is:

               **1.**     titled in the name of any Stipulating Defendant, either individually or jointly; or

       **2.**    otherwise subject to access by any Stipulating Defendant;

   **C.**    Provide the FTC's counsel, within five (5) days of receiving a copy of this Order, a sworn statement setting forth:

       **1.**    the identification number of each account or Asset:

          **a)**    titled in the name, individually or jointly, of any of the Stipulating Defendants;

          **b)**    held on behalf of, or for the benefit of, any of the Stipulating Defendants; or

          **c)**    associated with credit or debit charges made on behalf of Stipulating Defendants;

       **2.**    the balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

       **3.**    the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any of the Stipulating Defendants, or is otherwise subject to access by any of the Stipulating Defendants; and

   **D.**    Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or Asset, including, but not

16

limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to such safe deposit boxes, commercial mail boxes and storage facilities.

      **E.**      Paragraphs A and B of this Section VII (Duties of Asset Holders) shall not, absent further Court order, apply to the checking and merchant accounts solely in the name of Shear Joy Salon & Spa, Inc. that were the subject of order entitled: Order Providing Limited Relief from the Temporary Restraining Order entered on April 11, 2011 [Dkt. 41].

### VIII. FINANCIAL STATEMENTS

      **IT IS FURTHER ORDERED** that each Stipulating Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to Counsel for the Commission and to the Receiver completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for themselves individually, and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which they conduct business or of which they are an officer, and for each trust for which any Stipulating Defendant is a trustee. The financial statements shall be accurate as of the date of entry of this Order and signed under penalty of perjury. Each Stipulating Defendant shall include in the financial statements all information requested in the statements, including a full accounting of all funds and Assets, whether located inside or outside of the United States, that are: (a) titled in the name of such Stipulating Defendant, jointly, severally, or individually; (b) held by any person or entity for the benefit of such

Stipulating Defendant; or (c) under the direct or indirect control of such Stipulating Defendant. Stipulating Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

A Stipulating Defendant does not, however, have to provide information pursuant to this Section VIII (Financial Statements) if (1) the Stipulating Defendant has already provided all such information pursuant to Section VII (Financial Statements) of the Temporary Restraining Order; and (2) the information provided has not changed. If both of these conditions are met, the Stipulating Defendant must provide a sworn statement to the Receiver and Counsel for the Commission stating that all information pursuant to Section VII (Financial Statements) of the Temporary Restraining Order has already been provided and further stating that such information has not changed since the information was initially provided.

## IX. REPATRIATION OF ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Stipulating Defendant shall:

A.     Transfer to the territory of the United States and deliver to the Receiver all funds, Documents, and Assets located in foreign countries which are: (1) titled in the name individually or jointly of any Stipulating Defendant; or (2) held by any person or entity, for the benefit of any Stipulating Defendant; or (3) under the direct or indirect control of any Stipulating Defendant, whether jointly or singly;

18

**B.** Provide the Commission access to all records of accounts or Assets of any Stipulating Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records appended to this Order as **Attachment C**.

A Stipulating Defendant does not, however, have to provide the information, documents, or the release identified in this Section IX (Repatriation of Assets and Documents) if (1) the Stipulating Defendant has already provided such information, documents, or release pursuant to Section VIII (Repatriation of Assets and Documents) of the Temporary Restraining Order; and (2) the information provided or contained in the document or release has not changed.

## X. NONINTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by IX (Repatriation of Assets and Documents) of this Order, including, but not limited to:

**A.** Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust

agreement until such time that all Assets have been fully repatriated pursuant to IX

(Repatriation of Assets and Documents) of this Order; or

      **B.**      Notifying any trustee, protector or other agent of any foreign trust or other

related entities of either the existence of this Order, or of the fact that repatriation is required

pursuant to a court order, until such time that all Assets have been fully repatriated pursuant

to IX (Repatriation of Assets and Documents) of this Order.

## XI. CONSUMER CREDIT REPORTS

      **IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency served with this Order

shall promptly furnish consumer reports as requested concerning any Stipulating Defendant

to counsel for the Commission.

## XII. PRESERVATION OF RECORDS

      **IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives,

whether acting directly or through any entity, corporation, subsidiary, division, director,

manager, member, affiliate, independent contractor, accountant, financial advisor, or other

device, are hereby restrained and enjoined from:

      **A.**      Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise

disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business,

business practices, Assets, or business or personal finances of any Stipulating Defendant, (2)

the business practices or finances of entities directly or indirectly under the control of any

Stipulating Defendant, or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant;

**B.** Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Stipulating Defendants' incomes, disbursements, transactions, and use of the Stipulating Defendants' Assets; and

**C.** Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing counsel for the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII. PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby restrained and enjoined from:

**A.** Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, Timeshare ownership information, email address, or other identifying information of any person who paid money to a Defendant for Timeshare-related services or products or who were contacted or are on a list to be contacted by any Defendant; and

**B.**     Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, Timeshare ownership information, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that the Stipulating Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## XIV.  APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Mark J. Bernet, Esq., previously appointed as temporary receiver for the Receivership Defendants, shall continue as Receiver for the Receivership Defendants and any of their affiliates, subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the agent of this Court, in acting as Receiver under this Order.  The Receiver shall be accountable directly to this Court.

## XV.  RECEIVER'S DUTIES

**IT IS FURTHER ORDERED** that the Receiver is authorized and directed to accomplish the following:

**A.**     Assume full control of the Receivership Defendants by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of any of the Receivership Defendants, including any Stipulating

22

Defendant, from control of, management of, or participation in, the affairs of the
Receivership Defendants;

   **B.**  Take exclusive custody, control, and possession of all Assets and Documents
of, or in the possession, custody, or under the control of, the Receivership Defendants,
wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect,
receive, take in possession, hold, and manage all Assets and Documents of the Receivership
Defendants and other persons or entities whose interests are now under the direction,
possession, custody, or control of, the Receivership Defendants.  The Receiver shall assume
control over the Receivership Defendants' income and profits and all sums of money now or
hereafter due or owing to the Receivership Defendants.  Provided, however, that the Receiver
shall not attempt to collect any amount from a consumer if the Receiver believes the
consumer was a victim of the unfair or deceptive acts or practices or other violations of law
alleged in the Complaint in this matter, without prior Court approval;

   **C.**  Take all steps necessary to secure and take exclusive custody of each location
from which the Receivership Defendants operate their businesses.  Such steps may include,
but are not limited to, any of the following, as the Receiver deems necessary or advisable:
(1) serving this Order; (2) completing a written inventory of all Receivership assets;
(3) obtaining pertinent information from all employees and other agents of the Receivership
Defendants, including, but not limited to, the name, home address, Social Security Number,
job description, company history, passwords or access codes, method of compensation, and
all accrued and unpaid commissions and compensation of each such employee or agent;
(4) photographing and video taping any or all portions of the location; (5) securing the

location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Defendants.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

**D.**     Conserve, hold, and manage all Assets of the Receivership Defendants, and perform all acts necessary or advisable to preserve the value of those Assets in order to prevent any irreparable loss, damage, or injury to consumers or creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the Assets and preventing the unauthorized transfer, withdrawal, or misapplication of Assets;

**E.**     Enter into and cancel contracts, and purchase insurance as advisable or necessary;

**F.**     Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

**G.**     Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Receiver deems to be

24

advisable or necessary, which includes but is not limited to retaining, hiring, or dismissing any employees, independent contractors, or agents;

      **H.**    Prevent the destruction or erasure of any web page or website registered to and operated, in whole or in part, by Stipulating Defendants;

      **I.**    Take all steps necessary to ensure that any of Stipulating Defendants' web pages or websites relating to Timeshares cannot be accessed by the public, or are modified for consumer education and/or informational purposes;

      **J.**    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

      **K.**    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to this Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Defendants, such as rental payments;

      **L.**    Suspend business operations of the Receivership Defendants if in the judgment of the Receiver such operations cannot be continued legally and profitably;

      **M.**    Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the

Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the

Receiver's mandate under this Order, including but not limited to, actions challenging

fraudulent or voidable transfers;

     **N.**     Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Receiver in his role as Receiver,

or against the Receivership Defendants, as the Receiver deems necessary and advisable to

preserve the Assets of the Receivership Defendants, or as the Receiver deems necessary and

advisable to carry out the Receiver's mandate under this Order;

     **O.**     Issue subpoenas to obtain Documents and records pertaining to the

Receivership, and conduct discovery in this action on behalf of the Receivership estate;

     **P.**     Open one or more bank accounts as designated depositories for funds of the

Receivership Defendants.  The Receiver shall deposit all funds of the Receivership

Defendants in such a designated account and shall make all payments and disbursements

from the Receivership estate from such an account.  The Receiver shall serve copies of

monthly account statements on all parties;

     **Q.**     Maintain accurate records of all receipts and expenditures incurred as

Receiver;

     **R.**     Cooperate with reasonable requests for information or assistance from any

state or federal law enforcement agency; and

     **S.**     File timely reports with this Court at reasonable intervals, or as otherwise

directed by this Court.

## XVI.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, their Representatives, and any other person, with possession, custody or control of property of or records relating to the Receivership Defendants shall, upon notice of this Order by personal service or otherwise, immediately notify the Receiver of, and, upon receiving a request from the Receiver, immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

**A.**   All Assets of the Receivership Defendants;

**B.**   All Documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title Documents and other papers;

**C.**   All computers, electronic devices and machines and data in whatever form used to conduct the business of the Receivership Defendants;

**D.**   All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Defendants; and

**E.**   All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, this Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the Asset, Document, or other item covered by this Section and to deliver it to the Receiver.

## XVII. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants shall provide to the Receiver, immediately upon request, the following:

A.     A list of all Assets and property, including accounts, of the Receivership Defendants that are held in any name other than the name of a Receivership Defendant, or by any person or entity other than a Receivership Defendant; and

B.     A list of all agents, employees, officers, servants or those persons in active concert and participation with the Stipulating Defendants, who have been associated or done business with the Receivership Defendants.

A Stipulating Defendant does not, however, have to provide information pursuant to this Section XVII (Provision of Information to Receiver) if (1) the Stipulating Defendant has already provided all such information pursuant to Section XVI (Provision of Information to Receiver) of the Temporary Restraining Order; and (2) the information provided has not changed. If both of these conditions are met, the Stipulating Defendant must provide a sworn

statement to the Receiver and Counsel for the Commission stating that all information

pursuant to Section XVI (Provision of Information to Receiver) of the Temporary

Restraining Order has already been provided and further stating that such information has not

changed since the information was initially provided.

## XVIII.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants, their Representatives,

and any other person served with a copy of this Order shall fully cooperate with and assist

the Receiver in taking and maintaining possession, custody, or control of the Assets and

Documents of the Receivership Defendants.  This cooperation and assistance shall include,

but not be limited to: providing information to the Receiver that the Receiver deems

necessary to exercise the authority and discharge the responsibilities of the Receiver under

this Order; providing any password required to access any computer, electronic file, or

telephonic data in any medium; advising all persons who owe money to the Receivership

Defendants that all debts should be paid directly to the Receiver; and transferring funds at the

Receiver's direction and producing records related to the Assets and sales of the

Receivership Defendants.  The entities obligated to cooperate with the Receiver under this

provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow

agents, title companies, commodity trading companies, precious metals dealers, credit card

processors, payment processors, merchant banks, acquiring banks, independent sales

organizations, third party processors, payment gateways, insurance companies and other

financial institutions and depositories of any kind, as well as all common carriers,

telecommunications companies and third-party billing agents.

## XIX. INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Stipulating Defendants and their Representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, except as provided herein, as stipulated by the parties, or as directed by further order of this Court, are hereby restrained and enjoined from:

    **A.**    Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to this Receivership;

    **B.**    Transacting any of the business of the Receivership Defendants;

    **C.**    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants or the Receiver; and

    **D.**    Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XX. STAY OF ACTIONS AGAINST RECEIVERSHIP DEFENDANTS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during pendency of the Receivership ordered herein, Stipulating Defendants, their Representatives, corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Stipulating Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the

30

exclusive jurisdiction of this Court over the Assets or Documents of the Receivership

Defendants, including, but not limited to:

     **A.**    Petitioning, or assisting in the filing of a petition, that would cause any

Receivership Defendant to be placed in bankruptcy;

     **B.**    Commencing, prosecuting, or continuing a judicial, administrative, or other

action or proceeding against the Receivership Defendants, including the issuance or

employment of process against the Receivership Defendants, except that such actions may be

commenced if necessary to toll any applicable statute of limitations;

     **C.**    Filing or enforcing any lien on any Asset of the Receivership Defendants,

taking or attempting to take possession, custody, or control of any Asset of the Receivership

Defendants, or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of

the Receivership Defendants, whether such acts are part of a judicial proceeding, are acts of

self-help, or otherwise;

     **D.**    Initiating any other process or proceeding that would interfere with the

Receiver's efforts to manage or take custody, control, or possession of, the Assets or

Documents subject to this receivership.

     *Provided that*, this Order does not stay: (i) the commencement or continuation of a

criminal action or proceeding; (ii) the commencement or continuation of an action or

proceeding by a governmental unit to enforce such governmental unit's police or regulatory

power; or (iii) the enforcement of a judgment, other than a money judgment, obtained in an

action or proceeding by a governmental unit to enforce such governmental unit's police or

regulatory power.

## XXI.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled

to reasonable compensation for the performance of duties pursuant to this Order and for the

cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the

possession or control of, or which may be received by, the Receivership Defendants.  The

Receiver shall file with this Court and serve on the parties periodic requests for the payment

of such reasonable compensation, with the first such request filed no more than sixty (60)

days after the date of entry of this Order.  The Receiver shall not increase the hourly rates

used as the bases for such fee applications without prior approval of this Court.

## XXII.  RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall, if he has not already done so,

file with the Clerk of this Court a bond in the sum of $5,000 with sureties to be approved by

this Court, conditioned that the Receiver will well and truly perform the duties of the office

and abide by and perform all acts this Court directs.  28 U.S.C. § 754.

## XXIII.  ACCESS TO BUSINESS OFFICES AND RECORDS

**IT IS FURTHER ORDERED** that, in order to allow the Commission and the

Receiver to preserve Assets and evidence relevant to this action, and to expedite discovery,

Plaintiff and Receiver, and their representatives, agents, and assistants, shall continue to have

access to the business premises of the Receivership Defendants.  Such locations include, but

are not limited to: 300 31st Street North, Suite 615, St. Petersburg, Florida 33713; and 300

32

31st Street North, Suite 602, St. Petersburg, Florida 33713. The Commission and the Receiver, and their representatives, agents, and assistants, are authorized to remove Documents from the Receivership Defendants' premises in order that they may be inspected, inventoried, and copied for the purpose of preserving discoverable material in connection with this action.

Furthermore, the Receiver shall allow the Stipulating Defendants reasonable access to the premises and business records of the Receivership Defendants within his possession for the purpose of inspecting and copying materials relevant to this action. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.

## XXIV. DISTRIBUTION OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client company, servant, attorney, spouse, subsidiary, division, and representative of any Stipulating Defendant, and shall, within five (5) days from the date of entry of this Order, provide the counsel for the FTC with a sworn statement that Stipulating Defendants have complied with this provision of the Order. Such statement shall include the names and addresses of each such person or entity who received a copy of this Order. Furthermore, Stipulating Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

33

## XXV.  LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of Federal Rules

of Civil Procedure 26(d) and (f) and 30(a)(2)(c), and pursuant to Federal Rules of Civil

Procedure 30(a), 34, and 45, the Commission is granted leave, at any time after service of

this Order, to conduct limited expedited discovery as set forth in this Section.  For the

purpose of discovering the (1) nature, location, status, and extent of Stipulating Defendants'

Assets, (2) nature and location of Documents reflecting the Stipulating Defendants'

businesses, business transactions and operations, or (3) the applicability of any evidentiary

privileges, Counsel for the Commission may:

     **A.**     Take the deposition of any Person, on three (3) days of notice.  The limitations

and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil

Procedure regarding subsequent depositions of an individual shall not apply to depositions

taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not

be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A); and

     **B.**     Demand the production of Documents, on five (5) days of notice, from any

Person, whether or not a party, provided that three (3) days of notice shall be deemed

sufficient for the production of any such Documents that are maintained or stored only in an

electronic format.

     Service of discovery upon a party to this lawsuit, taken pursuant to this Section, shall

be sufficient if made by facsimile or by overnight delivery.  Any expedited discovery taken

pursuant to this Section is in addition to, and is not subject to, the limits on discovery set

forth in the Federal Rules of Civil Procedure and Local Rules of this Court.  The expedited

discovery permitted by this Section does not require a meeting or conference of the parties,

pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

The Parties are exempted from making initial disclosures under Federal Rule of Civil

Procedure 26(a)(1)(B) and Local Rule 3.05 until further order of this Court.

## XXVI.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that this Order may be served on any Person

(including any financial institution) that may have possession, custody or control of any

property, property right, Document, or Asset of any Stipulating Defendant, or that may be

subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil

Procedure, by any means, including U.S. First Class Mail, overnight delivery, facsimile,

email or personal service, by agents or employees of Plaintiff, by agents or employees of the

Receiver, by any law enforcement agency, by private process server, or by any person or

entity permitted by the Federal Rules of Civil Procedure to effect service.  For purposes of

this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect

service upon the entire entity.  This Order shall bind Persons (including entities) that may be

subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil

Procedure upon such Person's receipt of actual notice, by personal service or otherwise, of

this Order.  *See* FED. R. CIV. P. 65(d)(2).

## XXVII.  CORRESPONDENCE AND SERVICE ON COMMISSION

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed to:

William Maxson
Dotan Weinman
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop H-286
Washington, DC 20580
(202) 326-2635 (Maxson phone)
(202) 326-3049 (Weinman phone)
(202) 326-3395 (fax)
wmaxson@ftc.gov
dweinman@ftc.gov

## XXVII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes. Moreover, this Order shall have no impact on prior Orders entered by this

Court to the extent that those Orders involve the Non-Stipulating Defendants.

**IT IS SO ORDERED**:

DATED: April  20th , 2011

Judge James D. Whittemore
UNITED STATES DISTRICT JUDGE