# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| **Plaintiff,** | |
| **v.** | **Case 8:11-cv-00595-JDW-MAP** |
| **VACATION PROPERTY SERVICES, INC., et al.,** | |
| **Defendants.** | |

## STIPULATED FINAL JUDGMENT AND ORDER
## FOR PERMANENT INJUNCTION AS TO DEFENDANTS FRANK M. PERRY, JR.; HIGHER LEVEL MARKETING, INC.; AND VACATION PROPERTY SELLERS, INC.

On March 22, 2011, Plaintiff, the Federal Trade Commission ("FTC"), filed its

Complaint for permanent injunction and other relief pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing

and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 –

6108 [Dkt. 1], charging Defendants Vacation Property Services, Inc., Higher Level Marketing,

Inc., Vacation Property Sellers, Inc., Albert M. Wilson, David S. Taylor, and Frank M. Perry, Jr.

with violating Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales

Rule ("TSR"), 16 C.F.R. Part 310.  Plaintiff FTC and Defendants Frank M. Perry, Jr. ("Perry"),

Higher Level Marketing, Inc., and Vacation Property Sellers, Inc. (collectively and including

Perry, the "Perry Defendants") have all agreed to the entry of this Stipulated Final Judgment and

Order for Permanent Injunction ("Order") by this Court to resolve all matters of dispute between them in this action.

NOW, THEREFORE, Plaintiff FTC and the Perry Defendants, through their respective counsel, having filed a joint motion requesting the Court to enter this Order,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1.     This Court has jurisdiction over the subject matter and the parties.

2.     Venue is proper as to all parties in the Middle District of Florida.

3.     The activities of the Perry Defendants are or were in or affecting commerce, as defined in the FTC Act, 15 U.S.C. § 44.

4.     The Perry Defendants are telemarketers and/or sellers for the purposes of the TSR.

5.     The FTC's Complaint states a claim upon which relief may be granted against the Perry Defendants under Sections 5(a)(1), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a)(1), 53(b), and 57b; and under the TSR, 16 C.F.R. Part 310.

6.     The Perry Defendants have waived any and all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), pertaining to any claim by the FTC arising out of this case.

7.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

8.     Plaintiff FTC and the Perry Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Order.  The Perry Defendants further waive

and release any claim they may have against the FTC, its employees, agents, and representatives arising out of this action and under the terms of this Order.

9.      The Perry Defendants all waive their share of any and all claims to the assets of Higher Level Marketing, Inc., Vacation Property Sellers, Inc. and Vacation Property Services, Inc., including any assets currently in possession of the Receiver appointed by the Court in this matter, Mark Bernet, Esq., and further stipulate that their share of any of these assets are to be transferred to the FTC to be used for equitable relief, as described in Section V (Equitable Monetary Relief).

10.      The Perry Defendants have entered into this Order freely and without coercion. The Perry Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

11.      Entry of this Order is in the public interest.

12.      This Order is for settlement purposes only, and does not constitute and shall not be interpreted to constitute an admission by the Perry Defendants or a finding that the law has been violated as alleged in the Complaint, or that the facts alleged in the Complaint, other than jurisdictional facts, are true.

## DEFINITIONS

Each of the terms defined below refer to either the singular or plural, as appropriate to the context in which they appear.

1.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries,

shares or stock, securities, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), insurance policies, lines of credit, cash, trusts (including but not limited to asset protection trusts), lists of consumer names and reserve funds, or any other accounts associated with any payments processed by, or on behalf of, any of the Perry Defendants and Vacation Property Services, Inc., including, but not limited to, such reserve funds held by payment processors, credit card processors, banks or other financial institutions.

2.      **"Assisting Others"** includes providing any of the following goods or services to another entity: (i) performing customer service functions, including, but not limited to, charging consumers for products or services, or receiving or responding to consumer complaints; (ii) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (iii) providing names of, or assisting in the generation of, potential customers; (iv) performing or providing marketing or billing services of any kind; (v) processing credit and debit card payments; or (vi) acting as an officer or director of a business, corporation or other entity.

3.      **"Document"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writing, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence (including email, instant messages, text messages and other correspondence transmitted on cell phones, smart phones and other mobile devices), photographs, audio and video recordings, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books,

written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records and files, mobile electronic records and files, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

4.  **"Perry Corporate Defendants"** means Vacation Property Sellers, Inc. d/b/a Timeshare Experts and Higher Level Marketing, Inc. d/b/a Vacation Property Services, and their successors, assigns, affiliates or subsidiaries, as well as any fictitious business entities or business names created or used by any of the entities included in this definition.

5.  **"Perry Defendants"** means Perry and the Perry Corporate Defendants.

6.  **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

7.  **"Representative"** means a successor, assign, officer, agent, servant, employee, or attorney of the Perry Defendants, and any person or entity in active concert or participation with them who receives actual notice of this Order by personal service or otherwise.

8.  **"Telemarketing"** means any plan, program, or campaign (whether or not covered by the TSR) that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones. Provided, however, that "Telemarketing" does not include any plan, program, or campaign that involves only telephone calls made to, or received from, a business for the purpose of inducing or inquiring about the purchase of goods or

services by the business or a charitable contribution by the business. Provided further that "Telemarketing" does include such calls made for the purpose of inducing the retail sale of nondurable office or cleaning supplies.

9. **"Timeshare"** means any right of ownership or occupancy in any leisure or vacation property or properties (including, but not limited to, condominiums, resorts, campgrounds and cruise ships) that provides rights-holders with periodic usage and/or occupancy rights. The term shall also include "points-based" programs that provide similar ownership and/or occupancy benefits.

## I.

## BAN ON TELEMARKETING

The Perry Defendants, whether acting directly or through any Person or Representative, are permanently restrained and enjoined from engaging or participating in Telemarketing, or Assisting Others who are engaging or participating in Telemarketing.

## II.

## BAN ON TIMESHARE RESALE AND RENTAL PRODUCTS AND SERVICES

The Perry Defendants, whether acting directly or through any Person or Representative, are permanently restrained and enjoined from (i) advertising, marketing, promoting, offering for sale, or selling any Timeshare resale or rental products or services; and (ii) Assisting Others with advertising, marketing, promoting, offering for sale, or selling any Timeshare resale or rental products or services.

## III.

### BAN ON THE USE OF CONSUMER INFORMATION

The Perry Defendants, whether acting directly or through any Person or Representative, are permanently restrained and enjoined from disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account – including a credit card, bank account, or other financial account – of any Person that was obtained by any of the Perry Defendants in connection with the sale of any product or service during the period: January 1, 2006 through the date of entry of this Order. The Perry Defendants must dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed. *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## IV.

### PROHIBITION AGAINST MISREPRESENTATIONS

In connection with the sale or selling of any goods or services, the Perry Defendants and their Representatives are hereby permanently restrained and enjoined from:

A.      Misrepresenting, directly or by implication, orally or in writing, to any potential purchaser of any goods or services, any material fact, including, but not limited to:

1.      the total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to the sales offer;

2.      any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

3       any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

4.      the income, profits, or sales volume likely to be achieved from the goods or services.

B.      Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by this Section.

## V.

## EQUITABLE MONETARY RELIEF

**IT IS FURTHER ORDERED** that monetary judgment is entered in favor of the FTC and against the Perry Defendants, jointly and severally, in the amount of twenty three million, five hundred sixteen thousand, three hundred sixty nine dollars and forty two cents ($23,516,369.42); *provided, however,* that based on the sworn representations in the financial statements of Perry (dated March 29 and April 8, 2011), Higher Level Marketing, Inc. (dated March 29 and April 12, 2011) and Vacation Property Sellers, Inc. (dated April 11, 2011), full payment of the foregoing amount shall be suspended upon satisfaction of the obligations set forth in Subsections A through C of this Section, and subject to the conditions set forth in Section VI (Right to Reopen):

A.    Effective upon the entry of this Order, the Perry Defendants shall surrender to the FTC all control, title, dominion, and interest in the following assets:

1.    the Perry Corporate Defendants and all their assets;

2.    all assets of any of the Perry Defendants in the possession of the Receiver;

3.    all funds held by Regions Bank in the name of any of the Perry Defendants, including the accounts ending in 7584 and 5984, ***but excluding*** the accounts ending in 3695, 1966, 6875 and 7719;

4.    all funds held by Bank of America in the name of any of the Perry Defendants, including the accounts ending in 9010 and 9023; and

5.    the IRAs held in Perry's name with Alan Benware / Raymond James Financial Services with account numbers ending in 3359 and 7897, as set forth in Item 19 of the Individual Financial Statement signed by Perry and dated April 8, 2011.

B.    For each bank, IRA and/or brokerage account listed in Subsection A above, the financial institution identified shall, within five (5) days of entry of this Order, remit the entire balance of each account to the FTC by certified check(s) or other guaranteed funds payable to the FTC, Financial Management Office, or by wire transfer in accordance with directions provided by the FTC. The check(s) or written confirmation of the wire transfer(s) shall be delivered to:

Associate Director
Division of Marketing Practices
H-286
600 Pennsylvania Avenue, NW
Washington, DC 20580

Perry shall cooperate in good faith with the FTC to effectuate these transfers, and shall, if needed, execute such Documents as is necessary to remit the entire balance of each account to the FTC.

C.      For all other assets listed in Subsection A above, Perry shall, within five (5) days of entry of this Order, execute such Documents as necessary to transfer title of those assets to the FTC or its designated transferee, and Perry shall, within five (5) days of entry of this Order, deliver physical custody of such assets to the Receiver. Perry shall cooperate in good faith with the FTC to effectuate these transfers.

D.      The Receiver shall, as soon as practicable upon receipt of such assets and transfer of titles pursuant to this Section, commence their liquidation using a commercially reasonable procedure, and the Perry Defendants shall have no right to challenge said liquidation. Any transfer fees, taxes, or other payments mandated from the transferor under state law shall be paid from the proceeds of each sale at the time each such asset is sold. Following liquidation of such assets, the Receiver shall forward the net proceeds to the FTC within thirty (30) days, as the FTC may direct.

E.      Any funds paid pursuant to this Section shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the Perry Defendants' practices

alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. The Perry Defendants shall have no right to challenge the FTC's choice of remedies under this Section.

F.     The Perry Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. The Perry Defendants shall make no claim to the funds or demand return of the funds, directly or indirectly, through counsel or otherwise.

G.     The Perry Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the FTC to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. The Perry Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have, collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S. C. § 523(a)(2)(A).

## VI.

## <u>RIGHT TO REOPEN</u>

A.     The FTC's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of the Perry Defendants' sworn financial statements and supporting Documents that the Perry Defendants submitted to the FTC, as well as all subsequent addenda thereto, all of which the Perry Defendants assert are truthful, accurate, and complete at the time they were submitted. The Perry Defendants and the FTC stipulate that these financial disclosures provide the bases for the assets listed in

Section V (Equitable Monetary Relief), and include material information upon which the FTC relied in negotiating and agreeing to this Order.

B.      If, upon motion by the FTC, this Court finds that the Perry Defendants have failed to disclose any material asset or materially misstated the value of any asset in the financial statements or related Documents described above, or have made any other material misstatement or omission in the financial statements or related Documents described in Sections V (Equitable Monetary Relief) and VI (Right to Reopen) of this Order, then this Order shall be reopened and suspension of the judgment shall be lifted for the purpose of requiring payment of monetary relief in the amount of twenty three million, five hundred sixteen thousand, three hundred sixty nine dollars and forty two cents ($23,516,369.42), less the sum of any amounts paid to the FTC pursuant to Section V (Equitable Monetary Relief) and any other payments made by other defendants in this litigation. *Provided, however,* that in all other respects this Order shall remain in full force and effect, unless otherwise ordered by the Court.

C.      Upon any reinstatement of the monetary judgment, the Court shall make an express determination that the monetary judgment shall be immediately due and payable as to the Perry Defendants. The FTC shall be entitled to interest on the judgment, computed from the day of entry of this Order, at the rate prescribed by 18 U.S.C. § 1961, as amended, on any outstanding amounts not paid. The FTC shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution.

D.     Proceedings initiated under this provision would be in addition to, and not in lieu

of, any other civil or criminal remedies as may be provided by law, including any

proceedings that the FTC may initiate to enforce this Order.  For purposes of this Section,

Perry waives the right to contest any of the allegations in the Complaint.

## VII.

### LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the assets of the Perry Defendants

pursuant to Section V (Asset Freeze) of the Stipulated Preliminary Injunction entered by this

Court on April 20, 2011 [Dkt. 60], shall be lifted for the sole purpose of transferring funds to the

FTC pursuant to Subsections A through C of Section V (Equitable Monetary Relief) of this

Order, and the asset freeze shall be dissolved upon transfer of all such funds.

## VIII.

### RECEIVER'S DUTIES

**IT IS ORDERED** that Mark Bernet, the Receiver appointed by the Stipulated

Preliminary Injunction [Dkt. 60], is hereby appointed Receiver for the Perry Corporate

Defendants for the purpose of taking the necessary steps to wind down the businesses of the

Perry Corporate Defendants, liquidate their assets, and pay any net assets to the FTC to satisfy

the monetary judgment entered by this Order.  The Receiver shall be the agent of this Court and

shall be accountable directly to this Court.  In carrying out these duties, the Receiver is

authorized and directed to:

A.     Take any and all steps that the Receiver concludes are appropriate to wind down

the Perry Corporate Defendants.

B.     Take any and all steps necessary or advisable to locate and liquidate all assets of the Perry Corporate Defendants, cancel the Perry Corporate Defendants' contracts, collect on amounts owed to the Perry Corporate Defendants, and take such other steps as may be necessary to terminate and dissolve the Perry Corporate Defendants efficiently.

C.     Provide the FTC, upon request, with any business records of the Perry Corporate Defendants that (i) identify customers from whom the Perry Corporate Defendants collected payments, including the most recent known address, telephone number, and the amount of any fees paid by such customers; and (ii) identify customers who received refunds from the Perry Corporate Defendants and the amount of the refunds.

D.     Continue to exercise full control of the Perry Corporate Defendants and continue to collect, marshal, and take custody, control and possession of all the funds, property, premises, accounts, Documents, mail and other assets of, or in the possession or under the control of, the Perry Corporate Defendants, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Perry Corporate Defendants, with full power to collect, receive and take possession of all goods, chattels, rights, credits, monies, effects, lands, leases, books and records, limited partnership records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and Documents of other individuals, partnerships or corporations whose interests are now held by or under the direction, possession, custody or control of the Perry Corporate Defendants (collectively, the "Receivership Estate").

E.     Dispose of, or arrange for the disposal of, the records of the Perry Corporate Defendants no later than six (6) months after the Court's approval of the Receiver's final report as to the Receivership Estate, except that:

>    1.     to the extent that such records are reasonably available, the Receiver shall arrange for records sufficient to ascertain the funds that an individual consumer paid to the Perry Corporate Defendants, and any refunds provided to individual consumers, to be retained for a minimum of one year from the entry of this Order; and

>    2.     if state or local law regulating the Perry Corporate Defendants' business requires the retention of particular records for a specified period, the Receiver shall arrange for such records to be disposed of after the specified period has expired.

To safeguard the privacy of consumers, records containing personal financial information shall be shredded, incinerated, or otherwise disposed of in a secure manner. For records that must be retained, the Receiver may elect to retain records in their original form, or to retain photographic or electronic copies.

F.     Continue to perform all acts necessary or advisable to complete an accounting of the assets, and prevent unauthorized transfer, withdrawal, or misapplication of assets.

G.     Make payments and disbursements from the Perry Corporate Defendants' estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Perry Corporate Defendants

prior to the date of entry of the temporary restraining order in this action, except payments that the Receiver deems necessary or advisable to secure and liquidate assets of the Perry Corporate Defendants, such as rental payments or payment of liens.

H.   Enter into contracts and purchase insurance as advisable or necessary.

I.   Perform all incidental acts that the Receiver deems to be advisable or necessary, which include retaining, hiring, or dismissing any employees, independent contractors, and agents as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the statutory authority granted by this Order.

J.   Continue to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers.

K.   Continue to defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or against the Perry Corporate Defendants, as the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order.

L.   Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the Receivership estate.

M.   Continue to maintain one or more bank accounts as designated depositories for funds of the Perry Corporate Defendants not disbursed to the FTC pursuant to Section V (Equitable Monetary Relief) of this Order, and make all payments and disbursements

from the Receivership Estate from such an account.  The Receiver shall serve copies of monthly account statements on all parties.

N.      Continue to maintain accurate records of all receipts and expenditures that he makes as Receiver.

O.      Continue to cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## IX.

## COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by, in the possession or control of, or which may be received by, the Perry Corporate Defendants.  The Receiver must not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## X.

## RECEIVER'S FINAL REPORT AND DISBURSEMENT OF ASSETS OF THE CORPORATE DEFENDANTS

**IT IS FURTHER ORDERED** that:

A.      The Receiver shall, as directed in Section V (Equitable Monetary Relief) of this Order, liquidate the assets of the Perry Corporate Defendants as soon as practicable.  No later than sixty (60) days from the date of the entry of this Order, the Receiver shall file and serve on the parties a report (the "Final Report") to the Court that details the steps taken to dissolve the Receivership Estate.  The Final Report shall include an accounting

of the Receivership Estate's finances and total assets and a description of what other actions, if any, must be taken to wind-down the Receivership. Promptly thereafter, but no later than thirty (30) days after submission of the Final Report, the Receiver shall file an application for payment of compensation and expenses associated with his performance of duties as Receiver under this Order and under the Temporary Restraining Order [Dkt. 8] and the Stipulated Preliminary Injunction [Dkt. 60] entered in this proceeding. The Receiver shall mail copies of the Final Report to all known creditors of the Perry Corporate Defendants with a notice stating that any objections to paying any assets of the Perry Corporate Defendants to satisfy the Receiver's costs and expenses and the monetary judgment set forth in this Order must be submitted to the Court and served by mail upon the Receiver and the parties within thirty (30) days of the mailing of the Final Report. If subsequent actions (such as the completion of tax returns or further actions to recover funds for the Receivership) are appropriate, the Receiver shall file an additional report or reports ("Supplemental Report") describing the subsequent actions and a subsequent application for the payment of fees and expenses related to the subsequent acts.

B.     The Court will review the Final Report and any objections to the report and, absent a valid objection, will issue an order directing the Receiver to:

     1.     pay the reasonable costs and expenses of administering the Receivership, including compensation of the Receiver and the Receiver's personnel authorized by Section IX (Compensation of Receiver) of this Order or other orders of this

Court, and the actual out-of-pocket costs incurred by the Receiver in carrying-out his duties; and

2.      pay all remaining funds to the FTC, as directed in Section V (Equitable Monetary Relief) of this Order as partial satisfaction of the judgment.

C.      With Court approval, the Receiver may hold back funds for a specified period as a reserve to cover additional fees and costs related to actions to be addressed in a Supplemental Report.  If the Receiver does not make a supplemental application for fees and expenses within the specified period, or if funds remain in the reserve fund after the payments of fees and expenses approved by the Court in response to such a supplemental application, all funds remaining in the reserve fund shall be immediately paid to the FTC or its designated agent.

## XI.

### TERMINATION OF THE RECEIVERSHIP

**IT IS FURTHER ORDERED** that upon completion by the Receiver of the tasks set forth in this Order, the Receivership over the Perry Corporate Defendants shall be dissolved and the Receiver discharged.

## XII.

### COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that the Perry Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for

interviews, conferences, pretrial discovery, review of Documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, the Perry Defendants shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XIII.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of the Perry Defendants' financial representations upon which the FTC's agreement to this Order is expressly premised:

A.      Within ten (10) days of receipt of written notice from a representative of the FTC, the Perry Defendants shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce Documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Perry's possession or direct or indirect control to inspect the business operation.

B.      In addition, the FTC is authorized to use all other lawful means, including but not limited to:

1.      obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

2.      having its representatives pose as consumers and suppliers to any entity

managed or controlled in whole or in part by Perry, without the necessity of identification or prior notice.

C.    Perry shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided however,*** that nothing in this Order shall limit the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XIV.

## <u>COMPLIANCE REPORTING</u>

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

    1.    Perry shall notify the FTC of the following:

        a)    Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change.

        b)    Any changes in his employment status (including self-employment), and any change in his ownership in any business entity within ten (10) days of the date of such change. Such notice shall include (i) the name and address of each business that he is

affiliated with, employed by, creates or forms, or performs services for; (ii) a detailed description of the nature of the business; and (iii) a detailed description of his duties and responsibilities in connection with the business or employment.

    c)    Any changes in his name or use of any aliases or fictitious names within ten (10) days of the date of such change.

2.    Perry shall notify the FTC of any changes in structure of any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to (i) incorporation or other organization; (ii) a dissolution, assignment, sale, merger, or other action; (iii) the creation or dissolution of a subsidiary, parent, or affiliate; or (iv) a change in the business name or address, at least thirty (30) days prior to such change, ***provided*** that, with respect to any such change in the business entity about which Perry learns less than thirty (30) days prior to the date such action is to take place, Perry shall notify the FTC as soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Perry shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he complied and is complying with this Order. This report shall include, but not be limited to,

1.    Perry's then-current residential address, mailing addresses, and telephone

numbers;

2.      Perry's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Perry is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Perry's duties and responsibilities in connection with the business or employment;

3.      any other changes required to be reported under Subsection A of this Section; and

4.      a copy of each acknowledgment of receipt of this Order, obtained pursuant to Section XVI (Distribution of Order).

C.      Perry shall notify the FTC of the filing of a bankruptcy petition by him within fifteen (15) days of filing.

D.      For the purposes of this Order, Perry shall, unless otherwise directed by the FTC's authorized representatives, send by overnight courier all reports and notifications required by this Order to the FTC, to the following address:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
>
> RE:    *FTC v. Vacation Property Services, Inc. et al., No. 8:11-cv-595-T-27*

*Provided* that, in lieu of overnight courier, Perry may send such reports or notifications by first-class mail, but only if Perry contemporaneously sends an electronic version of such report or notification to the FTC at: DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with Perry.

## XV.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Perry – for any business for which he is the majority owner or directly or indirectly controls – is hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues.

B.      Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable.

C.      customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests.

E.      Copies of all sales scripts, training materials, advertisements, or other marketing materials.

F.      All records and Documents necessary to demonstrate full compliance with each

provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Section XVI (Distribution of Order) and XVII (Acknowledgment of Receipt of Order) and all reports submitted to the FTC pursuant to the Section XIV (Compliance Reporting).

## XVI.

### **DISTRIBUTION OF ORDER**

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Perry shall deliver copies of the Order as directed below:

A.      Perry as control person: For any business that Perry controls, directly or indirectly, or in which Perry has a majority ownership interest, he must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of Section XIV (Compliance Reporting). For current personnel, delivery shall be within five (5) days of entry of this Order. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of Section XIV, delivery shall be at least ten (10) days prior to the change in structure.

B.      Perry must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XVII.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Perry, within five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## XVIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**FOR THE PERRY DEFENDANTS:**

_____

Frank M. Perry, Jr.,
Individually and as President of
Vacation Property Sellers, Inc. d/b/a Timeshare Experts, and
Higher Level Marketing, Inc. d/b/a Vacation Property Services

_____  6/10/11

Hector E. Lora, Esq.
Cove & Associates, P.A.
225 South 21st Avenue
Hollywood, FL 33020
Telephone: (954) 921-1121
Facsimile: (954) 921-1621
E-Mail: hel@covelaw.com

_Attorney for Defendants Vacation Property Sellers, Inc. d/b/a Timeshare Experts,
Higher Level Marketing, Inc. d/b/a Vacation Property Services, and Frank M. Perry, Jr._

**FOR THE FEDERAL TRADE COMMISSION:**

_____

William T. Maxson, Esq.
Dotan Weinman, Esq.
Federal Trade Commission
600 Pennsylvania Avenue, NW, H-286
600 Pennsylvania Avenue, NW, H-286
Washington, DC 20580
Telephone: (202) 326-2635 (Maxson)
             (202) 326-3049 (Weinman)
Facsimile: (202) 326-3395
E-Mail: wmaxson@ftc.gov
        dweinman@ftc.gov

_Attorneys for the Federal Trade Commission_

**DONE AND ORDERED,** this 30ᵀᴴ day of September, 2011.

_____

JUDGE JAMES D. WHITTEMORE
United States District Judge